NOT FOR PUBLICATION                                                                    CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA MOGAVERO, <br><br> Plaintiff, <br><br> v. <br><br> SETERUS, INC.; PHELAN HALLINAN DIAMOND & JONES, P.C. f/k/a/ PHELAN HALINAN & DIAMOND, PC; Federal National Mortgage Association JOHN DOES I-X, <br><br> Defendants. | OPINION <br><br> Civ. No. 15-cv-1314 (WHW)(CLW) |

### Walls, Senior District Judge

Plaintiff Patricia Mogavero alleges that Defendants made false, deceptive or misleading statements about the assignment of her mortgage loan in violation of the Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. § 1692 *et seq.*), and failed to disclose information required under the Truth in Lending Act ("TILA," 15 U.S.C. § 1601 *et seq.*). Defendants now move to dismiss.

All of Plaintiff's claims are either time-barred or otherwise insufficient as a matter of law. Decided without oral argument under Fed. R. Civ. P. 78, Defendants' motions are granted.

## BACKGROUND

The First Amended Complaint ("FAC") in this action makes the following allegations, which the Court assumes are true for the purposes of this motion. ECF No. 10. Plaintiff owns and resides in real property in Cliffside Park, New Jersey. FAC ¶ 1. Defendant Seterus, Inc. ("Seterus") is a mortgage debt collection and loan servicing company with headquarters in

1

Michigan. *Id.* ¶ 4. Seterus services Plaintiff's mortgage loan on behalf of the loan's owner, Defendant Federal National Mortgage Association ("Fannie Mae"), whose principal place of business is in Washington, D.C. *Id.* ¶¶ 4, 6. Defendant Phelan Hallinan Diamond & Jones, P.C. ("PHDJ") is a law firm specializing in debt collection with offices in Pennsylvania and New Jersey. *Id.* ¶ 5.

Plaintiff entered into a mortgage loan agreement with CitiMortgage, Inc. ("CitiMortgage") on September 7, 2006. *Id.* ¶ 7. Plaintiff executed a promissory note payable to CitiMortgage and executed a mortgage to Mortgage Electronic Registration Systems, Inc. as nominee for CitiMortgage. *Id.* Fannie Mae purchased the debt obligation "shortly after the loan closed." *Id.* ¶ 8. Plaintiff defaulted on the loan on August 1, 2009. *Id.* ¶ 9.

On June 21, 2011, CitiMortgage executed a notarized assignment of mortgage, which purported to transfer ownership of the promissory note and mortgage from Mortgage Electronic Registration Systems, Inc. as Nominee for CitiMortgage to CitiMortgage. *Id.* ¶ 10. The assignment of mortgage was recorded in the Bergen County land records on July 6, 2011. *Id.* ¶ 11. On February 20, 2014, CitiMortgage executed a notarized assignment of mortgage purporting to transfer ownership of the promissory note and mortgage from CitiMortgage to Fannie Mae. *Id.* ¶ 13. The assignment of mortgage was recorded in the Bergen County land records on February 24, 2014. *Id.* ¶ 14. The loan numbers listed on the 2011 and 2014 assignments "show that Fannie Mae owned the loan" at the time of both assignments, "despite the representation that it was owned by CitiMortgage, Inc." *Id.* ¶¶ 12, 17.

On February 1, 2014, Seterus assumed responsibility from CitiMortgage for loan servicing and debt collection. *Id.* ¶ 18. On or about February 18, 2014, Plaintiff received a letter from Seterus, dated February 10, 2014, advising of its new role as servicing agent. *Id.* ¶ 19. The

2

FAC concludes that "[t]he February 10 communication from Seterus does not contain disclosures required by 15 U.S.C. § 1692g and no subsequent letter was received by Plaintiff containing the required disclosures." *Id.* ¶ 20.

On June 17, 2014, Fannie Mae filed a foreclosure complaint in New Jersey state court, through its counsel PHDJ. *Id.* ¶¶ 21-22. "PHDJ is seeking to collect upon the debt by relying on the 2011 and 2014 assignments of mortgage." *Id.* ¶ 24. In response to a written request by Plaintiff, Seterus provided Plaintiff with an unrecorded assignment of mortgage from August 2010, "allegedly transferring ownership of the promissory note and mortgage from Mortgage Electronic Registration Systems, Inc. as nominee for CitiMortgage, Inc. to CitiMortgage, Inc." *Id.* ¶ 27. Fannie Mae owned the debt obligation at this time. *Id.* ¶ 28.

Plaintiff commenced this action on February 19, 2015, ECF No. 1, and filed an amended complaint on March 10, 2015. ECF No. 10. The FAC pleads violations of two federal statutes: the FDCPA (against Seterus and PHDJ) and the TILA (against Fannie Mae). FAC 6-8. For its FDCPA claim against Seterus, the FAC alleges that Seterus "failed to send a communication to Plaintiff disclosing information required by 15 U.S.C. § 1692g within the five days of its initial communication with Plaintiff," and "violated 15 U.S.C. § 1692e by using the June 2011 and February 2014 assignments of mortgage as the basis for its debt collection efforts." *Id.* ¶ 34. For its FDCPA claim against PHDJ, Plaintiff contends that PHDJ violated § 1692e by "conceal[ing] the existence of the 2010 assignment of mortgage," "using the . . . assignments of mortgage as the basis for its debt collection efforts," and "making false, misleading and/or deceptive representations as to the chain of ownership of the loan." *Id.* ¶ 37.

Finally, in support of its TILA claim against Fannie Mae, Plaintiff asserts that "the mortgage loan that is the subject of this litigation was assigned and/or transferred from

CitiMortgage, Inc. to Fannie Mae" February 20, 2014, *id.* ¶ 41, and the assignment was recorded on February 27, 2014, *id.* ¶ 42, but "Fannie Mae did not send Plaintiff a written disclosure containing the information required by 15 U.S.C. § 1641(g)." *Id.* ¶ 43. As a result, Plaintiff demands relief under 15 U.S.C. § 1640(a). *Id.* ¶ 44.

Defendants now move to dismiss under Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff's causes of action are either time-barred or otherwise insufficient as a matter of law. ECF Nos. 14, 16.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

## DISCUSSION

### I. PLAINTIFF DOES NOT STATE A VALID § 1692e CLAIM AGAINST PHDJ

Plaintiff asserts that PHDJ violated the FDCPA by making certain representations in connection to the mortgage that were false, misleading or deceptive. Under the FDCPA, a "debt

4

collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute lists 16 examples of prohibited practices. *Id.* These include the "false representation . . . that the debt collector is . . . affiliated with the United States," the "false representation of the character, amount, or legal status of any debt," and the "false representation . . . that any communication is from an attorney." *Id.* §§ (1)-(3). The statute notes that it lists these examples "[w]ithout limiting the general application" of the terms "false," "deceptive," or "misleading." *Id.* § 1692e. According to Black's Law Dictionary (10th ed. 2014), "misleading" means "delusive; calculated to lead astray or to lead into error." "Deception" is the "act of deliberately causing someone to believe that something is true when the actor knows it to be false," or a "trick intended to make a person believe something untrue." *Id.*

Plaintiff alleges that PHDJ "concealed the existence of the 2010 assignment of mortgage," "us[ed] the . . . assignments of mortgage as the basis for its debt collection efforts," and "ma[de] false, misleading and/or deceptive representations as to the chain of ownership of the loan." FAC ¶ 37. This conduct does not fall into any of the statute's 16 enumerated categories. Nor do these allegations establish conduct that was generally "false," "deceptive" or "misleading." The FAC contains no description of how PHDJ "concealed" the unrecorded assignment of mortgage, whether PHDJ ever knew the document existed, why the document was relevant to PHDJ's effort to collect on the promissory note Plaintiff executed, or why PHDJ was required to provide the document to Plaintiff. "[U]sing the June 2011 and February 2014 assignments of mortgage as the basis for [PHDJ's] debt collection efforts" on behalf of Fannie Mae is not false, deceptive or misleading, because the FAC alleges that (1) both assignments were made, FAC ¶¶ 10-14; and (2) PHDJ's client Fannie Mae had good title to the debt

5

obligation at the time of the purported assignments. *Id.* ¶¶ 12, 17. There is no factual allegation that Plaintiff was deceived or misled by PHDJ's description of the chain of ownership of the loan. No facts give rise to a plausible claim that PHDJ misled or deceived Plaintiff in connection with the collection of Plaintiff's debt in any way. The FDCPA claim against PHDJ is dismissed.[1]

## II.     PLAINTIFF'S FDCPA CLAIMS AGAINST SETERUS ARE DISMISSED

### 1. Plaintiff's § 1692g Claim against Seterus Is Time-Barred

Plaintiff alleges that Seterus failed to make certain disclosures to Plaintiff within the time required by § 1692g. Under this section, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing" certain information, including the amount of the debt and the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g. The statute defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a. "A claim under the FDCPA may be brought . . . within one year from the date on which the violation occurs." *Glover v. FDIC*, 698 F.3d 139, 148-49 (3d Cir. 2012) (citing 15 U.S.C. § 1692k(d)).

According to Plaintiff, § 1692g required Seterus to make certain disclosures to Plaintiff within 5 days of sending a communication dated February 10, 2014. FAC ¶¶ 19-20. The parties dispute whether this letter, attached to the FAC as Exhibit D, should be considered an "initial communication" under § 1692g. Ex. D to FAC, ECF No. 10. The letter carries the title, "Transfer of Servicing Notice," and informs Plaintiff that the "servicing of [her] mortgage loan . . . is being transferred from CitiMortgage, Inc. to Seterus, Inc. . . . ." *Id.* At the bottom, the letter reads,

---

[1] The motion is granted despite PHDJ's use of baseball metaphors in its brief, a technique as hapless as the Chicago Cubs, whose last World Series victory was in 1908.

"THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." *Id.*

Interpreting the FDCPA, the Third Circuit has "noted that a 'communication' need only convey 'information regarding a debt' and is not limited to specific requests for payment." *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 266 (3d Cir. 2013) (citing *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364 (3d Cir. 2011)). The February 10, 2014 letter from Seterus fits this description of a communication, because it conveys information about Plaintiff's mortgage debt to her, namely that a new company will be servicing the loan. The letter's admission that Seterus is "ATTEMPTING TO COLLECT A DEBT" leaves no doubt that this is an "initial communication with a consumer in connection with the collection of a debt" under § 1692g.

Plaintiff brought suit on February 19, 2015, more than one year after this initial communication. ECF No. 1. Under § 1692k(d), Plaintiff's § 1692g claim against Seterus is dismissed as untimely.[2]

### 2. Plaintiff Does Not Sufficiently State a § 1692e Claim Against Seterus

Plaintiff alleges that Seterus also violated the FDCPA by "using the June 2011 and February 2014 assignments of mortgage as the basis for its debt collection efforts." FAC ¶ 34.

---

[2] Despite conflicting interpretations in other circuits, district courts in this circuit have found that "[t]he Statute of Limitations begins to run at the time of the alleged action—not when the Plaintiff receives notice." *See, e.g., Harris v. NCO Fin. Sys.*, No. CIV.A. 07-5546, 2009 WL 497409, at *1 n.3 (E.D. Pa. Feb. 26, 2009) (citing *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992) (holding that mailing of a collection letter by a debt collector sufficed to trigger the statute, because "the date of mailing is a date which . . . is easy to determine, ascertainable by both parties, and may be easily applied.")); *Guevara v. Client Servs., Inc.*, No. CIV.A. 11-3736 SRC, 2011 WL 5082251, at *2 (D.N.J. Oct. 26, 2011).

This is insufficient basis for a claim under § 1692e. The FAC mentions only one specific act or omission by Seterus: sending a letter on February 10, 2014 which allegedly did not include certain disclosures. *Id.* ¶¶ 18-20. The one-year statute of limitations bars a cause of action brought on this basis alone. 15 U.S.C. § 1692k(d). There is no other factual allegation describing how Seterus used any of the alleged assignments of mortgage, and nothing to indicate that such use was false, deceptive or misleading. To the contrary, the FAC alleges that Seterus has a valid basis for its debt collection: Plaintiff executed a promissory note, FAC ¶ 7, Fannie Mae has good title to the loan, *id.* ¶¶ 12, 17, and Seterus services the loan on Fannie Mae's behalf, *id.* ¶¶ 4, 6. Without timely, specific factual allegations to support a plausible claim against Seterus, Plaintiff's § 1692e claim is dismissed.

### III.   PLAINTIFF'S TILA CLAIM AGAINST FANNIE MAE IS TIME-BARRED

Plaintiff accuses Fannie Mae of violating TILA by not informing Plaintiff that it had acquired title to the loan. TILA requires that, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the *new owner* or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g) (emphasis added). Regulation Z, which implements this section, provides that a person is covered by § 1641(g) if the person "becomes the owner of an existing mortgage loan *by acquiring legal title* to the debt obligation, whether through a purchase, assignment or other transfer." 12 C.F.R. § 226.39(a)(1) (emphasis added). Actions under TILA must be brought within one year of the violation, which accrues on the 31st day after the sale or transfer. *Id.* § 1640(e); *see Sokol v. JPMorgan Chase Bank, N.A.*, 2013 WL 6623897, at *2 (N.D. Cal. Dec. 16, 2013) (collecting cases).

Plaintiff argues that the statute of limitations should run from the purported assignment of mortgage to Fannie Mae in February of 2014, not from the date Fannie Mae purchased the loan "shortly after" the 2006 closing. FAC ¶ 8. The plain meaning of the statute and the regulation point to the opposite conclusion. Under § 1641(g), Fannie Mae became a "*new* owner or assignee of the debt" shortly after the 2006 closing, when it "acquir[ed] legal title to the debt obligation." Fannie Mae could not be considered a "third party" assignee under § 1641(g) when an assignment of mortgage was filed in February 2014, because, according to the FAC, Fannie Mae already possessed title to the loan at that time. In other words, if a party owns a debt obligation, and an assignment of mortgage is later filed on the party's behalf, TILA's statute of limitations runs from the original sale, not the later filing of the assignment document. *See Connell v. CitiMortgage, Inc.*, 2012 WL 5511087, at *8 (S.D. Ala. Nov. 13, 2012) (collecting cases from multiple circuits, demonstrating that "what matters for § 1641(g) purposes is transfer of the debt obligation, not merely assignment of the mortgage.").

Although the FAC does not state the exact date of the sale or violation, it would have accrued on the 31st day after Fannie Mae purchased the loan, "shortly after" the loan closed in 2006—if not that year, then no later than 2010, since "the loan was owned by Fannie Mae" by that time. FAC ¶ 28. It follows then that Plaintiff's TILA claim, filed several years after the alleged violation occurred, is untimely.

## CONCLUSION

Defendants' motions are granted. Plaintiff's claims against Defendants Seterus, Inc., and Phelan Hallinan Diamond & Jones, P.C., are dismissed. Plaintiff's claim against Defendant

Federal National Mortgage Association is dismissed without prejudice, with leave to refile within 90 days. *See Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82 (3d Cir. 2013).

DATE: 3 June 2015

William H. Walls
Senior United States District Court Judge