NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA MOGAVERO,<br><br>               Plaintiff,<br><br>     v.<br><br>SETERUS, INC.; PHELAN HALLINAN DIAMOND & JONES, P.C. f/k/a/ PHELAN HALINAN & DIAMOND, PC; Federal National Mortgage Association JOHN DOES I-X,<br><br>               Defendants. | **OPINION AND ORDER**<br><br>Civ. No. 15-cv-1314 (WHW)(CLW) |

**Walls, Senior District Judge**

      Defendant Phelan Hallinan Diamond & Jones, PC moves for sanctions and related relief against the law firm of Denbeaux & Denbeaux, counsel for Plaintiff Patricia Mogavero, and the attorney at that firm responsible for this matter, Adam Deutsch, Esq., under 28 U.S.C. § 1927 and/or this Court's inherent powers. Defendant argues that Plaintiff's claim against it for a violation of the Fair Debt Collection Practices Act, which was dismissed with prejudice on June 3, 2015, ECF No. 22, was frivolous and submitted in bad faith. Decided without oral argument under Fed. R. Civ. P. 78, Defendant's motion is denied.

## FACTUAL AND PROCEDURAL HISTORY

      Plaintiff Patricia Mogavero, who owns and resides in real property in Cliffside Park, New Jersey, brought an action for violations of the Fair Debt Collection Practices Act ("FDCPA") and Truth in Lending Act ("TILA") against Defendants Federal National Mortgage Association ("Fannie Mae"), the owner of Plaintiff's mortgage loan, whose principal place of business is in Washington, D.C., Seterus, Inc. ("Seterus"), a mortgage debt collection and loan servicing

1

company with headquarters in Michigan that services Plaintiff's mortgage loan on behalf of Fannie Mae, and Phelan Hallinan Diamond & Jones, P.C. ("PHDJ"), a law firm specializing in debt collection with offices in Pennsylvania and New Jersey, for their conduct in connection with a foreclosure action against Plaintiff. First Amended Complaint, ECF No. 10 ¶¶ 1, 4-6. A complete factual history was outlined in the Court's opinion dismissing all counts of the First Amended Complaint, ECF No. 21, and is incorporated by reference here.

Plaintiff alleged that Defendant PHDJ made a "false, deceptive, or misleading representation" in violation of the FDCPA, 15 U.S.C. § 1692e, by using June 2011 and February 2014 assignments of Plaintiff's mortgage as the basis for its debt collection efforts and "concealing" the existence of an unrecorded 2010 assignment of the mortgage. ECF No. 10 ¶ 37. The Court dismissed this claim with prejudice, holding that Plaintiff failed to allege (a) that PHDJ's conduct fell into any of the 16 categories of activity prohibited by the FDCPA, 15 U.S.C. § 1692e, (b) that the conduct was "false," "deceptive," or "misleading," (c) that PHDJ actually "concealed" the unrecorded assignment, (d) that PHDJ even knew the unrecorded assignment existed, (e) why the unrecorded assignment was relevant to PHDJ's collection efforts, or (f) why PHDJ was required to provide the unrecorded assignment to Plaintiff. ECF No. 21 at 4-6.

Plaintiff filed a motion for reconsideration of the Court's dismissal on June 17, 2015, ECF No. 23, which the Court denied on June 23, 2015. ECF No. 24. Plaintiff then filed a notice of appeal as to the Court's dismissal and denial of the motion for reconsideration on June 26, 2015, ECF No. 25, which was dismissed on July 16, 2015. ECF No. 27.

On August 21, 2015, Defendant PHDJ filed a motion for sanctions against Plaintiff's counsel Denbeaux & Denbeaux and Adam Deutsch, Esq. ECF No. 28. Defendant argues that

Plaintiff's action against PHDJ was frivolous and filed in bad faith, and that Denbeaux has represented plaintiffs in four other similarly "frivolous" actions against PHDJ in this Court over the past ten months. Plaintiff filed a brief in opposition on September 8, 2015, ECF No. 30, and Defendant PHDJ filed a reply brief in further support of the motion for sanctions on September 15, 2015. ECF No. 32.

## LEGAL STANDARD

28 U.S.C. § 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The primary purpose of 28 U.S.C. § 1927 is to deter intentional and unnecessary delay. *See In re Cendent Corp. Derivative Action Litig.*, 96 F. Supp. 2d 404, 408 (D.N.J. 2000) (Walls, J.) (citing *Zuk v. Eastern Pa. Psychiatric Inst.*, 103 F.3d 294, 297 (3d Cir. 1996)). To impose sanctions under § 1927, a court must find (1) a multiplication of proceedings by an attorney; (2) by conduct that can be characterized as unreasonable and vexatious; with (3) a resulting increase in the cost of proceedings; and (4) bad faith or intentional misconduct. *See id.* (citing *Williams v. Giant Eagle Markets, Inc.*, 883 F.2d 1184, 1191 (3d Cir. 1989)). The power to grant sanctions under § 1927 is one that "courts should exercise only in instances of a serious and studied disregard for the orderly process of justice." *Williams*, 883 F.2d at 1191 (quoting *Overnite Transp. Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983)). Unlike Federal Rule of Civil Procedure 11, which also provides for attorney sanctions, "§ 1927 explicitly covers only the multiplication of proceedings that prolong the litigation of a case and likely not the

3

initial pleading, as the proceedings in a case cannot be multiplied until there *is* a case." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (emphasis in original).

The Court also has the inherent power to impose a variety of sanctions it deems appropriate in a particular case for abuses of the judicial process. *See Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). The Supreme Court in *Chambers* recognized that this power includes the ability to impose sanctions ranging from the imposition of attorneys' fees to the "outright dismissal of a lawsuit." *Id.* at 43-45.

## DISCUSSION

Defendant PHDJ and Plaintiff's counsel Denbeaux are no strangers to this Court or to each other. According to Defendant, Denbeaux has represented plaintiffs in five FDCPA actions against PHDJ in this Court over the past ten months, all of which Defendant claims are "frivolous." ECF No. 28 at 2. Of the four other actions cited by Defendant, only two have actually been dismissed by this Court. *See Vilinsky v. PHDJ*, 1:15-cv-00650, ECF No. 16; *Aldom v. PHDJ*, 2:14-cv-6638, ECF No. 33 (granting motion to dismiss claim against PHDJ for violation of 15 U.S.C. § 1692e after claims under 15 U.S.C. § 1692c were voluntarily dismissed by plaintiff). One action was dismissed voluntarily by the plaintiff, *see Gerstmann v. PHDJ*, 2:14-cv-6943, ECF No. 14, and a motion to dismiss is pending in the remaining action. *See Davis v. PHDJ*, 1:15-cv-03621, ECF No. 5. PHDJ filed a motion for sanctions under Federal Rule of Civil Procedure 11 and the Court's inherent powers in *Vilinsky*, 1:15-cv-00650, ECF No. 21, which the Court denied. *See* 1:15-cv-00650, ECF No. 25. A motion for sanctions under Rule

11, 28 U.S.C. § 1927, and the Court's inherent powers is also pending before the Court in *Aldom*. *See* 2:14-cv-6638, ECF No. 36.

Defendant claims that this action, like the others brought by Denbeaux, is "undeniably meritless" and that "counsel knew or should have known that such a claim had no merit." ECF No. 28 at 6. Both parties to this motion make sweeping accusations. Defendant claims that Plaintiff's counsel is part of a "class of attorney exploiters who place their own financial gain ahead of the interests of justice," ECF No. 28 at 7, and "attempt to capitalize on the FDCPA as a 'business opportunity' to drum up legal fees and statutory penalties where no actual harm occurred. . . ." *Id.* at 10. Plaintiff argues that Defendant "slings petulant insults and hyperbolic argument suggesting that any attempt to enforce a debtor's rights under the [FDCPA] is per se frivolous" and "provides analysis suggesting there exists no scenario under which it is subject to the requirements of the [FDCPA]." ECF No. 30 at 1, 7.

Histrionics aside, the parties essentially disagree whether Plaintiff's claim that Defendant engaged in false, deceptive, or misleading conduct by failing to mention the 2010 unrecorded mortgage assignment was so meritless as to multiply the proceedings and demonstrate bad faith. The Court finds that it was not.

I. **Sanctions are not warranted under 28 U.S.C. § 1927.**

   A. **Denbeaux did not multiply the proceedings and did not cause an increase in cost to PHDJ.**

As an initial matter, the Court takes notice of the Third Circuit's suggestion in *Schaefer* that § 1927 "likely" does not cover the initial pleading because "the proceedings in a case cannot be multiplied until there *is* a case." 542 F.3d at 101. As PHDJ acknowledges, ECF No. 28 at 6, this motion for sanctions would then only cover Plaintiff's motion for reconsideration, which

was denied less than a week after it was filed and before PHDJ filed a response, ECF No. 24, and Plaintiff's notice of appeal, which was terminated voluntarily before the parties filed any briefing. ECF No. 27. Under the *Schaefer* analysis, Plaintiff's counsel did not multiply the proceedings in any meaningful way and did not increase PHDJ's costs in this litigation.

PHDJ seemingly argues that Denbeaux has multiplied *different* proceedings by filing a "multitude of frivolous complaints" against PHDJ in this Court and elsewhere. *Id.* at 2. As the Court will discuss, though, Denbeaux's FDCPA actions against PHDJ, while thus far all unsuccessful, have proceeded on different legal theories. Absent a showing of bad faith, the Court will not find that Denbeaux has multiplied proceedings or unjustly imposed costs on PHDJ simply because it has brought a series of similar, but legally distinguishable actions.

### B. Denbeaux's conduct was not unreasonable or vexatious, and Denbeaux did not act in bad faith.

Defendant, repeating the argument from its motion to dismiss that unrecorded mortgage assignments are not part of the chain of title under New Jersey law and not reportable under the FDCPA, claims that Denbeaux must have conducted "absolutely no legal research whatsoever" before pursuing this action. *Id.* at 5, 6 (quoting *Carlino v. Gloucester City High School*, 44 F. App'x 599, 601 (3d Cir. 2002)). Plaintiff's counsel, in turn, repeats claims from its motion for reconsideration that the complaint was reasonable because Plaintiff was not required to plead either (a) that PHDJ *knowingly* failed to disclose the 2010 unrecorded assignment or (b) that Plaintiff relied on this alleged omission to her detriment. ECF No. 30 at 5-6.

The Court repeats that the claim against PHDJ was facially insufficient for numerous reasons not mentioned here by either party. PHDJ's failure to disclose the 2010 unassigned mortgage transfer does not fall into any of the FDCPA's 16 enumerated categories of

misconduct, and Plaintiff failed to establish that PHDJ's conduct was in any way "false," "deceptive," or "misleading." *See* ECF No. 21 at 5-6. But although this action "approaches the threshold of frivolous or vexatious litigation," *Vilinsky*, 1:15-cv-00650, ECF No. 25 at 9, it is not quite so unreasonable or vexatious as to be sanctionable, and it is not clear that Denbeaux has proceeded in bad faith. Though Denbeaux can certainly "be accused of reaching an interpretation of the law not shared by this Court," ECF No. 30 at 3, the Court does not find that Denbeaux could not possibly have believed its own interpretation.

Defendant's argument is not helped by pointing to the other recent FDCPA actions filed against it by Denbaux in this Court. Though the complaints in *Vilinksy* and *Aldom*, the two other actions dismissed by the Court, both asserted FDCPA violations, they alleged different misconduct and were dismissed for different reasons. In *Vilinsky*, the plaintiff claimed that PHDJ violated § 1692c by sending a debt collection notice directly to his home despite knowing he was represented by counsel, and the Court dismissed the case after holding that the notice did not qualify as a "communication" governed by the FDCPA under § 1692a(2). 1:15-cv-00650, ECF No. 16 at 1. In *Aldom*, the plaintiff claimed that PHDJ violated § 1692e by sending him a letter incorrectly identifying Wells Fargo Bank, N.A., the original holder of the plaintiff's loan and the current servicer of the loan, as his "lender," and the court dismissed the case after holding that the term "lender" as applied to Wells Fargo was neither misleading nor material. 2:14-cv-06638, ECF No. 33 at 2-3. Though the complaints in *Vilinsky* and *Aldom*, like the complaint here, were dismissed, neither made clear that a claim based specifically on PHDJ's failure to list an unrecorded mortgage assignment was without merit.

II. **The Court declines to sanction Denbeaux under its inherent powers.**

For the reasons discussed, the Court finds that Denbeaux and Mr. Deutsch did not abuse

7

the judicial process and declines to use its inherent powers to impose sanctions.

### III. Future complaints must allege material misconduct.

Many of Denbeaux's actions against PHDJ do have one thing in common: they are facially insufficient under the Third Circuit's recent holding in *Jensen v. Pressler & Pressler*, decided after this Court dismissed the First Amended Complaint and denied Plaintiff's motion for reconsideration. 791 F.3d 413 (3d Cir. 2015). In *Jensen*, the Third Circuit explicitly held that "a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes." *Id*. at 421 (emphasis in original). Plaintiff's counsel is on notice that future complaints, such as the one here, that fail to even *allege* the materiality of misconduct under the FDCPA are facially insufficient and may expose counsel to sanctions.

### ORDER

This matter having come before the Court on Defendant Phelan Hallinan Diamond & Jones, P.C.'s motion for sanctions, ECF No. 28, it is hereby ORDERED that Defendant's motion is denied.

Date: 18 November 2015

Hon. William H. Walls
United States Senior District Judge